UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BRANSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00573-MTS |
| ) | |
| MICHAEL SHEWMAKER,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Robert Branson's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 Petition is denied.

**I.      Procedural and Factual History**

Robert Branson ("Petitioner") is currently incarcerated at South Central Correctional Institution within the Missouri Department of Corrections. Petitioner was charged with multiple sex crimes involving the same minor. On the day of trial, the State and Petitioner entered into a plea agreement. Doc. [11-5] at 2. In accordance with the plea agreement, the State dropped several charges in exchange for Petitioner entering into an *Alford* plea to one count of first-degree child molestation with a victim under 12 years of age, a Class A felony, and two counts of second-degree statutory rape, a class C felony. The state motion court accepted the plea as knowing and voluntary.

---

[1] Petitioner is currently housed at the South Central Correctional Center in Licking, Missouri. MISSOURI DEPARTMENT OF CORRECTIONS OFFENDER SEARCH, https://web.mo.gov/doc/offSearchWeb/search OffenderInfoAction.do (last visited September 23, 2025). The warden of that facility is Michael Shewmaker.  Pursuant to Rule 2(a) of the Rules governing Section 2254 Cases in the United States District Courts, Michael Shewmaker is **SUBSTITUTED** for Michele Buckner as the Respondent.  The Clerk of Court shall be directed to mail a copy of this Memorandum and Order to Petitioner at the address on file, and the South Central Correctional Center.

*Id.* Petitioner was sentenced to life on the first-degree child molestation charge and seven years on each of the two counts of second-degree statutory rape, all sentences to run consecutively.

Petitioner filed a motion for postconviction relief pursuant to Supreme Court of Missouri Rule 24.035. Petitioner's post-conviction counsel filed an amended motion. After an evidentiary hearing, the state motion court entered an order denying post-conviction relief. Petitioner appealed, and the Missouri Court of Appeals for the Southern District affirmed the denial of Petitioner's motion. *Branson v. State*, 633 S.W.3d 871 (Mo. App. S.D. 2021). On May 16, 2022, Petitioner filed this action for habeas relief. Doc. [1].

On the day Petitioner's case was to be tried, July 11, 2018, Petitioner entered an *Alford* plea. At the plea hearing, the prosecutor explained that it was an open plea and that the court was not bound by any recommendation to sentencing. Doc. [11-5] at 3. Petitioner testified that he understood he was pleading guilty to one count of first-degree child molestation subject to the range of punishment of 10-30 years or life in prison. *Id*. He testified that he understood he did not have to plead guilty, that he had a right to a trial, and that no one made any promises or threats to him or to his family to cause him to plead guilty. *Id*. Petitioner further testified he was happy with plea counsel's services and agreed there was nothing his plea counsel did not do that Petitioner wanted him to do or nothing his plea counsel did that Petitioner did not want him to do. *Id*. The trial court found a factual basis for the plea and accepted the plea as knowing and voluntary. *Id*. The following factual basis was offered:

> [O]n March 8th, 2011, detectives from Phelps County Sheriff's Department were called to investigate allegations of child molestation, statutory rape, and statutory sodomy by a [victim], who was then 11 years old. A CAC [interview] was conducted and during that the child victim disclosed she had been molested by her father figure, who is [Branson] . . . and that she had been molested pretty much continuously since she had been five or six years old and that that molestation involved oral sex performed on her by [Branson.]

2

Doc. [11-1] at 11-12. At sentencing, Petitioner claimed he took the plea because plea counsel told him he did not know enough about the case to go to trial and that he was facing life in prison if he did not take the plea. Doc. [11-1] at 62. Petitioner once again claimed he was innocent and said the problem was that he did not have the money to pay his plea counsel for him to do his job. *Id.* at [63], [65]. Petitioner's plea counsel testified that he was ready to go to trial on the day of the plea. *Id.* at [65], [71].

## II.     Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though such relief is "limited and deferential." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, § 2254(d), habeas relief is only permissible if the state court's determination:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)–(2).

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of

3

review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. at 696. Under AEDPA, federal courts must then give substantial deference to the state court's predictive judgment.

So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. *Id.* at 100-01. Furthermore, a state court's findings of fact, made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

### III. Discussion

Petitioner asserts 2 grounds for relief in his Petition.

**A. Ground 1: Petitioner claims the state motion court erred in denying Petitioner's amended Rule 24.035 motion claiming ineffective assistance of counsel because counsel was unprepared for trial, had not investigated any possible witnesses or evidence, and had not articulated a theory of defense. Petitioner claims this violated his right to due process and effective assistance of counsel under the Fourteenth and Sixth Amendments of the United States Constitution.**

Petitioner claims that even though his plea counsel testified he was prepared to try Petitioner's case on the date the plea deal was accepted, it was clearly erroneous to believe plea counsel's testimony at the evidentiary hearing since he had not investigated possible witnesses or evidence to present in Petitioner's defense. Doc. [1] at 7. Furthermore, Petitioner alleges that plea counsel did not have a clearly articulated theory of defense, had not prepared any notes on the case, and had only spoken "in generalities" to Petitioner about how to testify if he were to be called

4

to the stand. *Id.*

The Missouri Court of Appeals for the Southern District evaluated these claims and found that the record of the plea hearing did not support Petitioner's claim that his plea was not knowing and voluntary. Doc. [11-5] at 4. At the plea hearing, Petitioner testified he was happy with plea counsel's services and agreed there was nothing plea counsel did not do that Petitioner wanted him to do or nothing plea counsel did that Petitioner did not want him to do. *Id.* This contradicts Petitioner's current ground claiming that he only accepted the guilty plea due to plea counsel's lack of preparation. Additionally, the record from the evidentiary hearing regarding the effectiveness of plea counsel supports the motion court's finding that plea counsel was adequately prepared for trial. At the evidentiary hearing, counsel testified he was familiar with [Petitioner's] case, the victim's prior statements, and physical evidence." *Id.* Plea counsel also spoke about his theory of defense and identified his plan to draw attention to the State's inability to prove each element beyond a reasonable doubt and defend Petitioner through cross-examination of State's witnesses and Petitioner's testimony if necessary. Doc. [11-6] at 128-29. Plea counsel had discussed with Petitioner the possibility of him testifying and they spoke about the pros and cons of going to trial. *Id.* at 125, 137. Throughout the course of preparation for trial, plea counsel reviewed the case with Petitioner, met in person with him at least three times, and spoke on the phone with Petitioner several times. *Id.* at 106. Lastly, plea counsel testified that he was prepared for trial and never told Petitioner he was not prepared to move forward with trial that day. *Id.* at 145.

The motion court found plea counsel's testimony more credible than Petitioner's at the evidentiary hearing. Doc. [11-5] at 6. The court of appeals defers to credibility determinations made by the motion court. *Oliphant v. State*, 525 S.W.3d 572, 577 (Mo. App. S.D. 2017). Petitioner

has not proven a reasonable probability that the result of the proceeding would have been different, regardless of the alleged deficiencies, or that the state court's determination under *Strickland* was unreasonable. Petitioner cannot satisfy the "doubly defferential" standard required to obtain habeas relief on his claims regarding Counsel's ineffective assistance. The Missouri Court of Appeals for the Southern District was not unreasonable in finding that the motion court did not err in denying Petitioner's Motion nor was the decision based on unreasonable determinations of the facts. Ground One is denied.

**B. Ground Two: Petitioner claims the state motion court erred in finding that Petitioner waived his claim that the state failed to allege or plead facts sufficient for Petitioner to be sentenced to a class A felony under the first-degree child molestation statute. Petitioner claims this violated his right to due process under the Fourteenth Amendment of the United States Constitution.**

Specifically, Petitioner claims he should not have been sentenced to a class A felony because the State did not provide a sufficient factual basis and Petitioner did not admit or stipulate that he inflicted serious physical injury, displayed a deadly weapon or deadly instrument in a threatening manner, or committed the offense as part of a ritual or ceremony.[2] Petitioner argues that one of these identified circumstances or a prior conviction for an offense under this chapter must be found before someone can be sentenced to child molestation in the first degree, and thus, a possible sentence of life in prison.

The Missouri Court of Appeals for the Southern District held that Petitioner waived his

---

[2] In place at the time of Petitioner's alleged crimes, § 566.067(2) of the Revised Statutes of Missouri, provides, in relevant part:
    Child molestation in the first degree is a class B felony unless  (2) The victim is a child less than twelve years of age and:
    (a) The actor has previously been convicted of an offense under this chapter; or
    (b) In the course thereof the actor inflicts serious physical injury, displays a deadly weapon or deadly instrument in a threatening manner or if the offense is committed as part of a ritual or ceremony, in which case, the crime is a class A felony and such person shall serve his or her term of imprisonment without eligibility for probation or parole.

claim that there were insufficient facts for him to be convicted of the class A felony of child molestation because it was not raised in section 8.b.(1) of his amended motion.[3] Doc. [11-5] at 5. Petitioner raised it for the first time on appeal. A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). Petitioner has shown neither. Therefore, Ground II is denied.

## CONCLUSION

Accordingly, Petitioner's grounds for relief are denied.

**IT IS HEREBY ORDERED** that the Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered on this same date.

Dated this 23rd day of September, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] 8.b.(1) of Petitioner's amended motion states "[Branson] was denied his right to due process of law and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 and 18(a) of the Missouri Constitution. Specifically, (1) life without possibility of probation or parole is cruel and unusual punishment as set forth in Section 566.067 RSMo 2016 and as applied to [Branson]." Doc. [11-5] at 5-6.